Bob **SLAGLE,** Chairman, Democratic Party of Texas, Fred Meyer, Chairman, Republican Party of Texas, Patsy Johnson and C.B. Jones, Relators,

v.

John **HANNAH, Jr.,** Secretary of State of Texas, Respondent.

No. D–2856.

Supreme Court of Texas.

Sept. 16, 1992.

---

1. 777 S.W.2d at 382, quoting the policy statement of article 5.06–1(1) of the Texas Insurance Code.

Kenneth W. Anderson, Jr., Dallas, Harold D. Hammett, Fort Worth, for relators.

Dan Morales, Renea Hicks, Tom M. Harrison, Javier P. Guajardo, Austin, for respondent.

On Petition for Writ of Mandamus

## PER CURIAM.

This mandamus proceeding, brought under Tex.Elec.Code § 273.061 and Tex. Gov'T.Code § 22.002, requires us to decide whether John Hannah, Texas' Secretary of State, must accept the Democratic and Republican parties' certification of replacement nominees for a position on the ballot for the office of State Board of Education, District 9 ("the Board") for the November 3, 1992 general election. We hold that the Secretary of State must accept the certification of Patsy Johnson and C.B. Jones as nominees and order the appropriate county officials to place Johnson and Jones on the ballot.

### I.

In December, 1991, the United States District Court for the Western District of Texas issued an Order that extended the filing deadline for all offices in the Texas primary elections from January 2, 1992 to January 10, 1992. *Terrazas v. Slagle,* Civil Action Nos. A–91–CA–425, A–91–CA–426, A–91–CA–428, and A–91–CA–034, Consolidated. Additionally, the court's Order adopted new state senatorial districts. As a result Bob Aikin, who had previously filed for the Democratic Party's nomination for the office of the Board, attempted to withdraw his Board nomination, and tendered his application to Bob Slagle, Chairman of the Democratic Party, to be placed on the ballot for the Democratic Party nomination for the office of Texas Senate, District 1. Slagle rejected the application as untimely.[1]

On January 24, 1992, the federal court allowed Aikin to intervene in *Terrazas* and deemed his filing for the senate to have occurred by January 10, 1992. The court held that Aikin's attempted withdrawal of his application for the Democratic Party's nomination for the Board, and refiling for the senate position must be accepted.

---

1. Although Aikin's application was timely under the federal court's extended deadline, the withdrawal was late pursuant to Tex.Elec.Code § 172.051, which set the withdrawal deadline on January 6, 1992.

Thus, the court held that he had properly filed as a candidate for the senate.

On April 7, 1992, Slagle sent the Democratic Party's certifications to John Hannah, Secretary of State. Slagle certified Aikin as the party's nominee for Senate District 1, but gave no name for the party's nominee for the Board. Likewise, when Fred Meyer, Chairman of the Republican Party, sent in his party's nominees, the nomination for the office of the Board was vacant. The Democratic party and the Republican party submitted replacement nominees for the Board, Johnson and Jones, to Hannah on June 20, 1992 and September 1, 1992, respectively.

Before Hannah had accepted the replacement nominees, Relators Slagle and Meyer filed a Joint Motion in the federal court to permit the two replacement nominations. The federal court rejected the Motion as involving issues of pure state law and thus beyond the jurisdiction of the federal court.

Just before the federal court denied the Joint Motion, Hannah rejected both nominees because Aikin had not previously been certified as the nominee for the Board, therefore, the vacancy in nomination could not be filled under § 145.037 of the Texas Election Code.[2]

Relators now seek an order from this court to compel Hannah to accept their nominees for the Board. While Hannah opines that state law does not permit him to perform the certification requested of him, he does not oppose the Relators' efforts to obtain relief from this court.

## II.

■ We grant leave to file the petition and grant the mandamus relief requested by the Relators. The withdrawal and re-placement deadlines in the Election Code are not intended to apply to unusual situations when there is not a reasonable opportunity to comply with a statutorily set deadline. *Kilday v. Germany*, 139 Tex. 380, 163 S.W.2d 184 (1942). In *Kilday v. Germany*, this court allowed an extension of the filing deadline when there was not sufficient advance notice and time prior to the fixed filing date to give a reasonable opportunity for prospective candidates to comply. We held that while the terms of the withdrawal and replacement statutes apply generally, in unusual situations, the political parties have inherent authority to choose nominees, as long as the method used is not expressly prohibited by statute. *Id.* 163 S.W.2d at 187.

■ Moreover, under § 145.036 of the Texas Election Code, the political parties may nominate a replacement candidate following a withdrawal if "no political party that held primary elections has a nominee for the office sought by the withdrawing candidate as of the time of the withdrawal." TEX.ELEC.CODE § 145.036(b)(2).[3] The confusion in this case stems from the fact that Aikin never officially withdrew his nomination for the Board. Technically, when Aikin tendered his application to Slagle to be placed on the ballot for the senate position, his withdrawal from the Board nomination was late, and therefore, void. The federal court, however, held that since Aikin had attempted to withdraw his application for the nomination for the Board and refile for the senate by January 10, 1992, his application should have been accepted. Thus, the court deemed him to have properly filed as a candidate for the senate position.[4]

---

**2.** Section 145.037 is a general provision for the certification of replacement nominees requiring compliance with certain formalities including the information to be contained in the certification and the time limits for the replacement.

**3.** The section also allows a replacement nomination if the candidate has become the nominee for another office. TEX.ELEC.CODE § 145.-036(b)(3). This is clearly the situation in the Democratic Party.

**4.** The Order from the federal court states "that all individuals who attempted to file a withdrawal of candidacy on January 9, 1992 or January 10, 1992, and also attempted but were not allowed to file for another office on or before January 10, 1992 because of the denied attempt to withdraw on those two days are **hereby deemed to have withdrawn** and to have filed for those respective offices which they attempted to file for ..." (emphasis added).

Because the federal court deemed Aikin to have withdrawn, and at the time of that withdrawal neither party had a nominee for the office of the Board, the parties should be allowed to fill the nominations. Accordingly, a majority of the Court grants Relator's Motion for Leave to File Petition for Writ of Mandamus and, without hearing oral argument, conditionally grants the petition compelling the Secretary of State to accept the Democratic party's certification of Patsy Johnson and the Republican party's certification of C.B. Jones, and order the appropriate county election officials to place these nominees on the ballot for the November 3 general election. Tex.R.App.P. 122. We are confident respondent will promptly comply, and our writ will issue only if he does not.